THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT
BELKNAP COUNTY

I, Abigail Albee, Clerk of the Superior Court of the State of New Hampshire for the County of Belknap, the same being a court of record having a seal, and having custody of the records of the said Superior Court, do hereby certify that the attached are true copies of the Complaint and Request for Jury Trial, Summons on Complaint, Acceptance of Service and Appearance of Thomas Closson and the Notice of Removal to Federal District Court in the action case # 211-2024-CV-00187 Bjorn Bruckshaw v. County of Carroll, Office of the Commissioners of said Superior Court.

In witness whereof I have hereunto set my hand
and affixed the seal of said Superior Court at
this Twenty-fifth day of October A.D. 2024



Clerk of Superior Court

Filed
File Date: 8/9/2024 3:35 PM
Belknap Superior Court
E-Filed Document

## STATE OF NEW HAMPSHIRE

BELKNAP, SS.                                            SUPERIOR COURT



**True Copy Attest**

Abigail Albee
Clerk of Court
October 25, 2024

Mr. Bjorn Bruckshaw
147 Oak Street
Laconia, NH  03246
v.

County of Carroll
Office of the Commissioners
d/b/a Carroll County Department of Corrections
95 Water Village Road
Ossipee, NH 03864

Docket No. 211-2024-CV-00187

### COMPLAINT AND REQUEST FOR JURY TRIAL

NOW COMES, Bjorn Bruckshaw, Plaintiff, by and through his attorney, Law Office of

Leslie H. Johnson, PLLC, and complains against, County of Carroll, and in support thereof states

as follows:

### INTRODUCTION

### PLAINTIFF REQUESTS A TRIAL BY JURY

1. Plaintiff, Bjorn Bruckshaw, brings this action pursuant to the statutory and common

laws of the State of New Hampshire and the United States, particularly New Hampshire's Law

Against Discrimination, RSA 354-A, *et seq*. and the Americans with Disabilities Act (ADA), 42

U.S.C. §12101 *et seq*., as amended (ADAAA, collectively  with RSA 354-A referred to herein as

the "ADA"),  for disability discrimination, harassment/hostile environment, and for retaliation,

both including termination; and also claims for malicious prosecution, abuse of process,

defamation, wrongful discharge and whistleblowing. Plaintiff seeks to recover all damages as

allowed by law, and all equitable relief to which he is entitled.

1

## PARTIES

2.      Mr. Bjorn Bruckshaw (hereinafter, "Mr. Bruckshaw" or "Plaintiff"), is a resident

of Laconia, New Hampshire, and was employed by Defendant Carroll County, as an employee of

the Department of Corrections from on or about September 27, 2021 until on or about July 14,

2022, as a Corrections Officer. Mr. Bruckshaw is a person with disabilities who is entitled to

protection under the ADA, and also NH RSA 354-A, New Hampshire's Law Against

Discrimination.

3.      Mr. Bruckshaw is a person with disabilities, a record of disabilities, and perceived

by Defendant to have disabilities.  His disabilities stem from his service in the Army, Airborne

Infantry.

4.      Defendant Carroll County operates the Carroll County Department of Corrections,

which is overseen by the Carroll County Commissioners.  Both the County and Carroll County

Department of Corrections will hereinafter be referred to as "Defendant".  The current

Commissioners are Terry McCarthy, Chair; Chuck McGee, Vice Chair; and, Bill Nelson, Clerk.

5.      Defendant is the employer and the covered entity for purposes of RSA 354-A, and

the ADA, as it has more than 6/15 employees respectively.

6.      Under the theories of *respondeat superior* and/or vicarious liability Defendant is

responsible for all actions of its employees, named or unnamed herein, who at all times were

acting within the scope of their employment, as well as their failures to act, and are also liable for

its own actions and failures to act, including within the Carroll County Department of

Corrections.

## JURISDICTION & VENUE

7.      Venue and jurisdiction are proper as Mr. Bruckshaw lived in Belknap County at

2

all times he was employed by Defendant.

8.      Mr. Bruckshaw filed a timely Charge of Discrimination with the New Hampshire Commission for Human Rights ("NHCHR") ED(H)(R) 0030-23 / 16D-2023-00034, on November 23, 2022, which he withdrew on May 7, 2024.

9.      On May 9, 2024, the EEOC issued its Notice of Right to Sue, which was received on May 13, 2024. This Complaint is filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue, and within three years of the accrual of the stated causes of action.

## STATEMENT OF FACTS

10.     Mr. Bruckshaw was employed by Defendant as a corrections officer from on or about September 27, 2021 until July 14, 2022 when he was wrongfully terminated for discriminatory and retaliatory reasons.

11.     Defendant was aware of Mr. Bruckshaw's military service and that he suffered from PTSD due to same, as it was one of the first things Mr. Bruckshaw disclosed to them. Defendant was also aware of many of Mr. Bruckshaw's other medical conditions and disabilities.

12.     Despite not being properly trained for his job, because Defendant did not send him to the Academy, Mr. Bruckshaw always performed his job well and had a good working relationship with most of his co-workers.

13.     Mr. Bruckshaw's disabilities, some from combat, are PTSD , an injury to his arm (loss 40% use), migraines (once every 1-2 weeks), bilateral knees (bone on bone), tinnitus, and others. These disabilities, singly and/or in combination affect Mr. Bruckshaw by at times substantially limiting him in major life activities, such as performing some manual tasks, lifting, standing, walking, balancing, and thinking.

14.    Mr. Bruckshaw was discriminated against, harassed, and/or retaliated against due to his disabilities including, but not limited to, the following listed incidents which are not all inclusive.

15.    On or about March 9, 2022, Mr. Bruckshaw called over to control and kept getting hung up on.  Because he was getting no response, which is obviously also a safety issue, he walked over to the control room and heard co-workers making fun of his combat injuries, which included Lt. King sitting in the middle of the group laughing.  Mr. Bruckshaw's combat injuries were no laughing matter, and to witness Lt. King, who was supposed to be in charge, also making fun of his injuries/disabilities was very troubling to Mr. Bruckshaw.

16.    Mr. Bruckshaw reported the incident to Sgt. Bachelder, Mr. Bruckshaw's shift leader, and informed him he was so upset he felt he needed to go home because the incident spiked his PTSD.  Lt. King came into the meeting and Mr. Bruckshaw asked him why he did not stop the banter, but instead joined in.  Lt. King got very upset and told Mr. Bruckshaw he did not care, and to go home.

17.    Shortly after Mr. Bruckshaw reported the March 9, 2022 incident, he was told Defendant was pulling him from becoming the Taser Instructor because he was not "mentally fit" and that his PTSD would make Defendant "look bad".

18.    On or about the end of May/beginning of June 2022, Lt. King falsely accused Mr. Bruckshaw of putting inappropriate messages on Officer Mendez's Facebook account; and told everyone he would fire whoever posted the messages.  Lt. King then told Mr. Bruckshaw that he knew it was him that made the postings and as soon as he could prove it, Mr. Bruckshaw would be fired.  Mr. Bruckshaw did not make the postings.

4

19.     A female inmate kept harassing Mr. Bruckshaw by claiming he was sexually harassing her and telling other inmates to go along with her allegations so they could fire Mr. Bruckshaw.  Mr. Bruckshaw reported the incidents, but nothing was ever done.

20.     Captain Baker told Mr. Bruckshaw if he has "combat PTSD" that he should not be working for Defendant any longer, that the environment would just make things worse. Ironically, it was not primarily the inmates, but the employees and supervisors who were making things worse.

21.     Approximately one week prior to June 11, 2022, Mr. Bruckshaw informed Sgt. Bachelder that an inmate (hereinafter referred to as "Inmate K") kept threatening to kill him. He wrote a note and informed the administration that Inmate K had been threatening him for 3 or 4 weeks.  Lt. King told Mr. Bruckshaw to "deal with it" and "suck it up".  This was after Mr. Bruckshaw had previously reported the same inmate had tried to put his hands on him.

22.     The same week, Mr. Bruckshaw informed Defendant he was not comfortable with the fact the dayroom (jail/segregating) doors stopped working randomly along with the emergency intercom. Lt. King's response to Mr. Bruckshaw was to "go find another job if you're that much of a baby."  This complaint also constitutes whistleblowing, as it was an extreme safety issue and believed to be contrary to policies.

23.     This situation (doors and radios) had apparently persisted for over one year, and the Lt. and Captain discussed an estimate of $30,000.00 to fix the problem, but said it was too expensive.  This placed all workers, and inmates at risk.  When the dayroom doors did not work, the intercom did not work; so if a dayroom door did not work, everyone knew the intercom was not working, so no one could call for help.  If the circuit blew a person had to go upstairs and

reset the breakers. This is believed to be why no one could hear Mr. Bruckshaw yelling for help when attacked by Inmate K.

24.　　That same week Mr. Bruckshaw asked Lt. King if they could talk about his safety concerns, Lt. King replied, "I don't have time for any of your complaints. You need to just do your job." Lt. King also stated, "90% of the complaints I'm dealing with are from you, and I'm sick and tired of it." Mr. Bruckshaw had submitted approximately five complaints, none of which were being addressed, to the best of his knowledge and belief.

25.　　Given Lt. King refused to address Mr. Bruckshaw's concerns, Mr. Bruckshaw emailed Captain Baker 2-3 times stating he wanted to speak to him with regard to his concerns, but these requests were all ignored.

26.　　Therefore, Mr. Bruckshaw decided to email the Superintendent requesting to meet about his concerns. A time and date were set to meet; however, the Superintendent failed to show, and when Mr. Bruckshaw emailed him again to reschedule his email was ignored.

27.　　On or about June 11, 2022, Mr. Bruckshaw was at work in Dayroom 4. All officers had been informed that Superintendent Eldridge required the inmates and officers to wear masks while in the Dayroom. Inmate K came into the Dayroom without a mask on.

28.　　Mr. Bruckshaw addressed Inmate K and informed him he had to wear a mask while out of his cell. Inmate K refused to wear a mask; therefore, Mr. Bruckshaw brought him back to his cell and informed Inmate K that he must stay in his locked cell until he complied with the mask rule. Mr. Bruckshaw reiterated to Inmate K that all he had to do was put the mask on, however he continued to refuse. Inmate K's response to Mr. Bruckshaw was, "go f… yourself".

29.　　Mr. Bruckshaw then attempted to shut the cell door; however, Inmate K kicked it wide open. Mr. Bruckshaw told Inmate K if he kicked the door again, he would be locked in for

the day.  Mr. Bruckshaw then went to shut the cell door for a second time, and again Inmate K
kicked it open.

30.     Mr. Bruckshaw therefore went to call for backup; however Inmate K, grabbed his
shirt, pulled him into the cell, grabbed his radio and tossed it so Mr. Bruckshaw could not reach
it.  For approximately 3-4 minutes Inmate K attacked Mr. Bruckshaw while Mr. Bruckshaw
attempted to restrain him while yelling for help.  With no one being able to hear Mr. Bruckshaw
because the intercom system was not working, a common occurrence, he had no means of
getting help from the assault by the inmate who had repeatedly threatened to kill him.

31.     Mr. Bruckshaw eventually got himself and Inmate K outside of the cell so others,
including the nurse, could see the distress he was in.  Officer Temple finally came to assist him
and radioed for additional assistance.

32.     Inmate K continued to be combative, yelling and screaming that he was going to
kill Mr. Bruckshaw and "break [his] skinny neck".  It took two more officers (a total of four) to
finally restrain Inmate K and handcuff him.  Inmate K was then taken to be checked out by the
nurse who confirmed he had no injuries.  However, when Mr. Bruckshaw was checked out by
the nurse it was found he had a bite mark on his arm from Inmate K, and was sent to the
emergency room.

33.     After Mr. Bruckshaw returned from the emergency room, he was informed
Inmate K had continued to bang on the cell bars, scream and threaten to kill Mr. Bruckshaw the
rest of the day.

34.     Inmate K is a violent individual who had also posted an online review against the
Manitowoc City Police Department stating, "I hope this corrupt place gets shot up. Disgusting
behavior from this PD."

7

35.    On or about June 15, 2022, during Mr. Bruckshaw's next shift after the incident with Inmate K, he was immediately called into Major Bachelder's office, with Lt. King present. Lt. King told him that he was being placed on two weeks' administrative leave for using too much force in restraining Inmate K, and that Defendant would investigate the matter. However, Mr. Bruckshaw saw within the paperwork that it appeared Defendant was also trying to investigate him on numerous other fabricated allegations.

36.    Mr. Bruckshaw later learned Defendant told other officers he was being placed on administrative leave before he was even talked to and informed, and that an email was sent out informing everyone if Mr. Bruckshaw came on the property to arrest him. This was highly irregular, and believed to be against policy, as well as highly discriminatory and retaliatory.

37.    Approximately 1.5 weeks later, Mr. Bruckshaw was contacted by Lt. King to come in and sign some paperwork. Mr. Bruckshaw stated he wanted a Union Representative and an attorney present. Lt. King replied that was not needed because, "you're only signing paperwork." Mr. Bruckshaw was not comfortable with that response.

38.    A few days later Lt. King called Mr. Bruckshaw again, and again Mr. Bruckshaw stated he wanted a Union Representative and an attorney present. A few days later Lt. King called Mr. Bruckshaw for a third time and left a message stating if Mr. Bruckshaw did not contact him by 11:30 am, he would consider him terminated.

39.    After retrieving the message, Mr. Bruckshaw returned Lt. King's call shortly after 11:30 am and left a voicemail, with no response. Mr. Bruckshaw thought he may have been terminated.

40.    Approximately one week later, Mr. Bruckshaw received a certified letter stating he must report to Defendant for an investigative interview or he would be fired. His return call referenced above had still not been responded to.

41.    Pursuant to the directives in the letter, Mr. Bruckshaw went to the interview. He was called into Captain Baker's office with Lt. King and a union representative present, however, the union representative was only allowed to take notes. He was uncomfortable with participating in the investigation since Defendant already told him he would be fired and therefore Defendant's mind was already made up. Lt. King admitted same, but stated, "well you're still being paid".

42.    The investigation continued, however, Mr. Bruckshaw was never asked about the bite mark and how it occurred, instead Lt. King phrased all questions trying to blame Mr. Bruckshaw for everything that occurred. It was very clear Defendant had already made up their minds and nothing Mr. Bruckshaw could have said in the interview was going to change things.

43.    Approximately five days after the "interview", Mr. Bruckshaw received a certified letter dated July 14, 2022, stating he was terminated and that Defendant was going to press criminal charges against him.

44.    Upon information and belief, Defendant sent out an email to all staff informing them Mr. Bruckshaw was no longer employed there. This email was sent prior to Mr. Bruckshaw knowing he was terminated. Furthermore, as it was a personnel matter, it should have been kept private.

45.    Upon information and belief Defendant, primarily through Lt. King, did not perform a proper investigation, failing to speak with the nurse who was there and witnessed much of the events, failing to speak with the individual in charge of the security cameras, and

failing to review Inmate K's file, which should have contained prior notes reporting his repeated

threats to kill Mr. Bruckshaw.  Instead, upon information and belief, Lt. King interviewed Inmate

K with leading questions to ascertain answers Lt. King wanted to hear, such as "so he strangled

you, correct?"

46.     Defendant tried to bring charges against Mr. Bruckshaw with the Sheriff's

Department, which declined to prosecute, after having gone to Mr. Bruckshaw's house to

interview him.  Lt. King got mad when Mr. Bruckshaw told him the Sheriff was not going to

charge him.

47.     The actions described herein, and as experienced by Mr. Bruckshaw, constituted

harassment and retaliation primarily on the basis of his disability, contrary to RSA 354-A, *et seq.*

and the ADA, and for complaining about discrimination as well as making complaints that

constituted whistleblowing.

48.     Mr. Bruckshaw was qualified for his job and was able to perform same without

reasonable accommodations.

49.     Defendant was hostile towards Mr. Bruckshaw because of his disabilities, and

treated him less favorably than others, and held him to a higher standard, not terminating or even

substantially investigating multiple employees who actually committed assaults and severe

misconduct; for example:

a.     Upon information and belief, a female, African American officer had

approximately 25-30 write-ups but no disciplinary action or termination.  Mr. Bruckshaw

was treated differently based upon his disabilities and whistleblowing.

b.     On or about January or February 2022, another officer, who did not appear to

have disabilities, Officer S., tossed a minority young woman into a cell uncontrollably,

causing the female inmate to smack her head so hard on the ground she may have suffered a concussion.  However, there was no investigation, and the officer never got in trouble.

50.     After the Sheriff declined to prosecute, because Mr. Bruckshaw was obviously innocent, Defendant did a sham and pretextual investigation of  Mr. Bruckshaw's incident with inmate K by an allegedly outside person; however, that person appeared to be personal friends with Superintendent Eldridge, as he was seen going to lunch with him. The result of this investigation was reported to Mr. Bruckshaw by email from HR on November 3, 2022.

51.     On the same day Mr. Bruckshaw received the investigation results he received a letter stating he was terminated and was told he was ineligible for rehire.

52.     On March 17, 2023, Mr. Bruckshaw was indicted for Second Degree Assault, which was discriminatory, and retaliatory on multiple bases.

53.     Upon information and belief, Superintendent Eldridge pulled a paper off the printer or fax machine while in a public area of the office and exclaimed, "Guess who got indicted today!" and then showed those present the paperwork where Mr. Bruckshaw was indicted.

54.     On or about June 1, 2023, during his criminal pre-trial conference, the Judge presiding over the hearing viewed the video surveillance of the June 11, 2022 incident, determined there was no assault by Mr. Bruckshaw, dismissed the case, and reprimanded the prosecutor for even bringing the case forward.  Bringing the charge also constituted malicious prosecution and abuse of process.

55.     Defendant also retaliated against Mr. Bruckshaw because he complained about issues occurring at the facility including the intercom not working and the day room doors not

working properly.

56.     Defendant falsely accused Mr. Bruckshaw of criminal actions, when it knew there were no criminal actions by Mr. Bruckshaw.  Mr. Bruckshaw believes these frivolous and malicious charges were brought due to discrimination related to his disabilities, and retaliation for complaining about same, as well as whistleblowing, and with the intent to ruing any chances he had to have a career in law enforcement.

57.     On July 13, 2022, Mr. Bruckshaw had received an email from a potential employer, notifying him he had been hired for a position as a security guard and that he needed to complete the onboarding process.

58.     However, on August 31, 2022, this same employer, after apparently contacting Defendant for a job reference, emailed Mr. Bruckshaw rescinding their offer of employment based on "your ineligibility for rehire with your last employer."

59.     Defendant's discrimination and retaliation against Mr. Bruckshaw has made it very difficult, if not impossible, for him to find a regular part time or full time job.

60.     Due to being wrongfully terminated as well as the criminal action brought by Defendant, Mr. Bruckshaw's custody of his child has been greatly impacted and continues to be impacted.  Mr. Bruckshaw has had to needlessly expend money in attorney fees, as well as stress and anxiety in order to fight for his custody rights, which custodial proceedings would not have been necessary, or greatly reduced in scope, but for Defendant's actions.

61.     The actions by Defendant as described herein, and as experienced by Mr. Bruckshaw, were intentional, malicious, done with deliberate indifference, knowing, oppressive, wanton, reckless, negligent and/or grossly negligent.

62.     Mr. Bruckshaw claims all damages allowed to him by law including, but not

limited to, general compensatory damages, liberal/enhanced compensatory damages, punitive

damages, lost wages and benefits (past and future), damages for emotional distress,

embarrassment, humiliation, aggravation, anxiety, medical treatment and expenses, physical pain

and suffering, loss of enjoyment of life, loss of reputation, attorney fees (including attorney fees

for his custody rights and criminal defense), costs, all pre-judgment interest, and an amount to

compensate for any negative tax consequences that result from any judgment or decision.

63.    Mr. Bruckshaw also requests all equitable relief to which he may be entitled

including, but not limited to, training for Defendant's employees in the laws on harassment,

discrimination and retaliation; and discipline and/or termination of the employees who harassed,

discriminated and retaliated against him.

**COUNT I**
**NH RSA 354-A and**
**AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101 et seq.),**
**as amended (ADAAA)**
**DISABILITY DISCRIMINATION/HARASSMENT**
**HOSTILE WORK ENVIRONMENT**

64.    Mr. Bruckshaw incorporates herein each and every allegation raised elsewhere in

the Complaint as if fully set forth herein and further states as follows:

65.    Mr. Bruckshaw asserts that the treatment he received, as described herein, was

because of his disabilities.

66.    Mr. Bruckshaw was impermissibly discriminated against based on his disabilities,

including his termination, and harassed in a manner that was severe and/or pervasive and

constituted a hostile environment based on disability, such that no reasonable person would be

expected to endure, all contrary to NH RSA 354-A and the ADA.

67.    Defendant knew, or should have known, that its actions described herein were

illegal. Defendant's actions were contrary to the law and done knowingly, maliciously, with

13

reckless indifference and were egregious and wanton, thus justifying an award of enhanced/liberal compensatory damages.

68.     Mr. Bruckshaw claims the disability discrimination/harassment and hostile work environment, with termination, has caused him damages as set forth herein.

69.     Mr. Bruckshaw claims all damages allowed by law, and all equitable relief to which he is entitled.

## COUNT II
### RETALIATION
### NH RSA 354-A, et seq.  and the ADA

70.     Mr. Bruckshaw incorporates herein each and every allegation elsewhere in the Complaint as if fully set forth herein, and further states as follows:

71.     Mr. Bruckshaw was retaliated against for his complaints of harassment and discrimination, as described above, including false criminal charges, actions resulting in his assault, and his termination, which was contrary to NH RSA 354-A, et seq. and the ADA.

72.     As a result of the retaliation, Mr. Bruckshaw has suffered the damages as alleged herein.

73.     Mr. Bruckshaw claims all damages allowed by law, and all equitable relief to which he is entitled.

## COUNT III
### NH RSA 275-E, ET SEQ.
### WHISTLEBLOWER'S PROTECTION ACT

74.     Mr. Bruckshaw incorporates herein each and every allegation elsewhere in the Complaint as if fully set forth herein, and further states as follows:

75.     Mr. Bruckshaw reported what he believed were serious violations of the law, rules and regulations by Defendant including safety issues and discrimination, as set forth above.

14

76. Defendant violated RSA 275-E et seq., including but not limited to RSA 275-E:2, as Defendant harassed, abused, intimidated, and/or threatened Mr. Bruckshaw in the terms, conditions, location, and/or privileges of employment, including his assault, and false criminal charges, as well as his wrongful discharge.

77. As a result of Defendant's violation of the Whistleblower's Protection Act Mr. Bruckshaw has suffered damages as described elsewhere herein.

78. Mr. Bruckshaw claims all damages allowed by law, and all equitable relief to which he is entitled.

### COUNT IV
### WRONGFUL DISCHARGE

79. Mr. Bruckshaw incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

80. As encouraged by public policies, Mr. Bruckshaw reported various violations of laws, rules, and regulations to Defendant as described above, including safety issues, and discrimination, which violated the ADA and 354-A.

81. As a result of his complaints, Mr. Bruckshaw was harassed and retaliated against, and the terms and conditions of his employment were affected, which included his assault, wrongful prosecution, and his termination.

82. Mr. Bruckshaw claims said wrongful discharge has caused him damages as set forth herein.

83. Mr. Bruckshaw also claims all damages as allowed by law, and all equitable relief to which he is entitled.

## COUNT V
## MALICIOUS PROSECUTION

84.     Mr. Bruckshaw incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

85.     As described above, Defendant maliciously prosecuted Mr. Bruckshaw by filing a criminal complaint for actions which they knew were unfounded.

86.     Defendant made a false criminal complaint, regarding Mr. Bruckshaw's conduct on June 11, 2022, while Mr. Bruckshaw was trying to subdue Inmate K who was attacking him, and had repeatedly threatened to kill him.

87.     Defendant's prosecution of Mr. Bruckshaw constitutes malicious prosecution, as the charges were obviously false, and arose out of malicious, oppressive and/or wanton motivations of Defendant, as described herein.

88.     Defendant's arrest of Mr. Bruckshaw was apparently against the Carroll County Sheriff's Department's advice as outlined above, and yet they still pursued it.

89.     Defendant's motivations were not for a lawful prosecution, but to prohibit Mr. Bruckshaw from his livelihood as a corrections officer, and as a pretense for terminating him, a person with disabilities from combat, for which they had expressed disdain and that he should not be working there.  Said arrest and prosecution also has impeded Mr. Bruckshaw from pursuing other employment.

90.     Defendant's actions as described herein have caused Mr. Bruckshaw damages which are within the jurisdictional limits of this Court, as described elsewhere herein.

91.     Mr. Bruckshaw claims all damages as allowed by law and all equitable relief to which he is entitled.

## COUNT VI
## ABUSE OF PROCESS

92.    Mr. Bruckshaw incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

93.    As noted just above, Defendant's arrest and threats to Mr. Bruckshaw constitute malicious prosecution.

94.    In addition, Defendant used its criminal allegations as a way to harass and retaliate against Mr. Bruckshaw for his disabilities and whistleblowing and involved law enforcement, which is not a proper exercise of police authority.

95.    The purpose of the prosecution was improper: it was to terminate Mr. Bruckshaw from employment, and to further discriminate against him, knowing that his reputation and ability to find work would be severely impacted.

96.    Defendant also knew that Mr. Bruckshaw had PTSD, had a clean record, was an Army combat Veteran, and likely took his reputation seriously and would be scarred by being arrested and prosecuted; they did not care as evident from them having repeatedly mocked his service and disabilities.

97.    Defendant's actions as described herein have caused Mr. Bruckshaw damages which are within the jurisdictional limits of this Court, as described elsewhere herein.

98.    Mr. Bruckshaw claims all damages as allowed by law and all equitable relief to which he is entitled.

## COUNT VII
## DEFAMATION

99.    Mr. Bruckshaw incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

17

100. Defendant's reports to anyone that Mr. Bruckshaw's actions were criminal was known to be false by them, and done with malicious and other bad motives as described elsewhere herein.

101. There is no immunity or privilege for knowingly making a false report to law enforcement, whether verbally or in writing.

102. Said defamatory material was then repeated to others including, but not limited to, the grand jury, county attorney, potentially newspapers, and otherwise republished, all for which Defendant is responsible.

103. Said false reporting and allegations are defamation *per se,* as it accused Mr. Bruckshaw of a crime.

104. Said allegations were done maliciously, knowingly and wilfully as they were known by them to be false, and they were done for the aforesaid improper purposes.

105. Said statements were false and intended to attack Mr. Bruckshaw and lower him in the esteem of the community, which they did, causing damage to his reputation and preventing him from securing other employment.

106. Defendant is liable for its defamation of Mr. Bruckshaw, and for all republication by others.

106. Defendant's actions as described herein have caused Mr. Bruckshaw damages which are within the jurisdictional limits of this Court, as described elsewhere herein.

107. Mr. Bruckshaw claims all damages as allowed by law and all equitable relief to which he is entitled.

WHEREFORE, Mr. Bruckshaw respectfully prays this Honorable Court and/or a jury order the following relief against Defendants, as requested above under each count:

A.      Back wages, together with lost fringe benefits and any other benefits, including

increased retirement benefits, which Mr. Bruckshaw would have earned had he not been

terminated;

B.      Future wages, fringe benefits, loss of earning capacity and other benefits;

C.      Compensatory damages;

D:      Enhanced/liberal compensatory damages;

E.      Punitive damages;

F.      An amount to be awarded by the Court to make up for any adverse tax

consequences due to any judgment or award;

G.      All damages which are available under the above-cited laws and the common law;

H.      All available pre-judgment and post-judgment interest;

I.      Reasonable attorneys' fees, interest and costs;

J.      All damages as set forth above; and

K.      Such other and further relief as is just and equitable.

Respectfully submitted,
**BJORN BRUCKSHAW, Plaintiff**
By his attorney

Dated: August 9, 2024                     _____ /s/ LESLIE H. JOHNSON _____
                                          Leslie H. Johnson, Esquire - #5545
                                          LAW OFFICE OF LESLIE H. JOHNSON, PLLC
                                          PO Box 265
                                          Center Sandwich NH 03227
                                          603.284.6600
                                          leslie@lesliejohnsonlaw.com

19

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH 03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## SUMMONS IN A CIVIL ACTION



Case Name:     **Bjorn Bruckshaw v County of Carroll, Office of the Commissioners**
Case Number:   **211-2024-CV-00187**

Date Complaint Filed: August 09, 2024
A Complaint has been filed against County of Carroll, Office of the Commissioners in this Court. A copy of the Complaint is attached.

### The Court ORDERS that ON OR BEFORE:

| | |
|---|---|
| September 30, 2024 | Bjorn Bruckshaw shall have this Summons and the attached Complaint served upon County of Carroll, Office of the Commissioners by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| October 21, 2024 | Bjorn Bruckshaw shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | County of Carroll, Office of the Commissioners must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to County of Carroll, Office of the Commissioners:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

Leslie Hughes Johnson, ESQ

County of Carroll, Office of the Commissioners

Law Office of Leslie H Johnson PLLC 46 Holderness Road PO Box 265 Center Sandwich NH 03227
95 Water Village Road Ossipee NH 03864

True Copy Attest

Abigail Albee
Clerk of Court
October 25, 2024

BY ORDER OF THE COURT

August 16, 2024

(1082)

Abigail Albee
Clerk of Court

This Is a Service Document For Case: 211-2024-CV-00187
Belknap Superior Court
10/25/2024 9:58 AM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH  03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## BJORN BRUCKSHAW
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name:      **Bjorn Bruckshaw v County of Carroll, Office of the Commissioners**
Case Number:    **211-2024-CV-00187**

**Instructions for: Bjorn Bruckshaw**

The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before **September 30, 2024**.
**Further action is required by you**
**You must:**
- **Print two copies of the Summons per defendant**
- **Print two copies of the Notice to Defendant per defendant**
- **Print two copies of the Complaint filed with the Court per defendant**
- **Make two packets for service.  Each packet should contain:**
  - **One Summons**
  - **Once Notice for Defendant**
  - **One Complaint filed with the Court**
- **Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.**

**Sheriff Departments in New Hampshire:**

| | |
|---|---|
| Belknap County Sheriff's Department: | Hillsborough County Sheriff's Department: |
| Carroll County Sheriff's Department: | Merrimack County Sheriff's Department: |
| Cheshire County Sheriff's Department: | Rockingham County Sheriff's Department: |
| Coos County Sheriff's Department: | Strafford County Sheriff's Department: |
| Grafton County Sheriff's Department: | Sullivan County Sheriff's Department: |

**\*If one or more of the parties resides out of state, please click here for the requirements\***
Service must be made upon the defendant before **September 30, 2024**.

If the Sheriff is unable to complete service by **September 30, 2024** you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by October 21, 2024.

**If service is not made as directed, no further action will occur and the case may be dismissed by the court.**

NHJB-2678-Se (07/01/2018)

# Important Service Information for Sheriff
## <u>Do not file this with the court</u>
Provide this information to the Sheriff's Department.
See Instructions for Service for more information.
**PLEASE PRINT CLEARLY**

Date: _____     Case #: _____

**<u>Who are you requesting to be served?</u>**
Please provide whatever information you know

Name: _____

Address for service (no P.O. boxes):

_____     APT #: _____

_____

Home phone #: _____     Cell phone #: _____

Sex: ☐ Male   ☐ Female     Race: _____

Last 4 digits of SS#: xxx-xx-  _____  _____  _____  _____     D.O.B. _____

Work name & address:

_____

Special instructions for service (i.e. directions, best time to serve, cautions, etc.):

_____

_____

Vehicle description/license plate:

_____

**<u>Your Information:</u>**
Name (please print): _____

Residential address:                    Mailing address:

_____     _____

_____     _____

Phone number to contact you during business hours:

_____ Alternate #: _____

_____
Signature

♦IN-HAND SERVICE WILL INCUR EXTRA COSTS DUE TO ADDITIONAL TRAVEL♦

**SHERIFF OFFICE USE ONLY: (This will vary by Sheriff's Office)**

Fees Paid: $_____ Cash #: _____ Check#: _____
Id#: _____ Waiver: _____ Money Order#: _____ Credit Card: _____
Sheriff File # _____ Authorization #: _____

NHJB-2678-Se (07/01/2018)

<u>Instructions for filing the Return of Service</u>:
If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.nh.gov, select the Electronic Services icon and then select the option for a self-represented party.

1. Select "I am filing into an existing case".  Enter 211-2024-CV-00187 and click Next.

2. When you find the case, click on the link follow the instructions on the screen.  On the "What would you like to file?" screen, select "File Other Document" and choose "Return of Service".

3. Scan the Return of Service packet and follow the instructions in the electronic filing program to upload the Return of Service to complete your filing.

4. If the sheriff was unable to serve the paperwork, you can request new paperwork by filing a Request for Documents.  On the "What would you like to file?" screen, select "File Other Document" and choose "Request for Reissued Summons" from the menu and upload the Request for Documents form.


**FAILURE TO FILE THESE DOCUMENTS MAY RESULT IN YOUR CASE BEING DISMISSED.**

August 16, 2024                                          Abigail Albee
Date                                                              Clerk of Court

You can access documents electronically filed through our Case Access Portal by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case.  After your information is validated by the court, you will be able to view case information and documents filed in your case.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH  03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## NOTICE TO DEFENDANT

Case Name:       **Bjorn Bruckshaw v County of Carroll, Office of the Commissioners**
Case Number:     **211-2024-CV-00187**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Belknap Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.nh.gov, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process.  Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Belknap Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **211-2024-CV-00187** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.nh.gov.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

.

NHJB-2678-Se (07/01/2018)

Filed
File Date: 9/26/2024 6:08 PM
Belknap Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name: __Belknap Superior Court__

Case Name: __Bjorn Bruckshaw v. County of Carroll, Office of the Commissioners__

Case Number: __211-2024-CV-00187__
(if known)

## ACCEPTANCE OF SERVICE

**Acceptance of Service:** (Select One)

☑ Counsel for the following defendant(s):

__County of Carroll, Office of the__  __95 Water Village Road, Ossipee, NH 03864__

| (Name) | (Address) | (Telephone Number) |

__Commissioners__

| (Name) | (Address) | (Telephone Number) |

| (Name) | (Address) | (Telephone Number) |

☐ I will be representing myself (self-represented party),

and waive(s) all formalities of service, accept(s) service of the Summons issued by the Court in this case and enter(s) the following appearance:

**Type of Appearance:** (Select One)

☑ Appearance          ☐ Limited Appearance

If limited appearance, describe scope of representation:

_____

_____

_____

_____

_____

_____

_____

True Copy Attest

Abigail Albee
Clerk of Court
October 25, 2024

Case Name: **Bjorn Bruckshaw v. County of Carroll, Office of the Commissioners**

Case Number: **211-2024-CV-00187**

**ACCEPTANCE OF SERVICE**

---

**For non e-filed cases:**

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____  or  _____
Other party                           Other party's attorney

---

**OR**

---

**For e-filed cases:**

☑ I state that on this date I am sending a copy of this document as required by the rules of the court. I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case. I am mailing or hand-delivering copies to all other interested parties.

---

| | |
|---|---|
| **Thomas M. Closson** | **/s/ Thomas M. Closson**      **09/26/2024** |
| Name of Filer | Signature of Filer                      Date |
| **Law Office of Thomas Closson  9966** | **(603) 759-6614** |
| Law Firm, if applicable       Bar ID # of attorney | Telephone |
| **379 Amherst Street, Suite 2** | **thomas.closson@nhlaborlaw.com** |
| Address | E-mail |
| **Nashua**          **NH**          **03064** | |
| City          State          Zip code | |

Filed
File Date: 10/24/2024 12:41 PM
Belknap Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE

BELKNAP, SS                                    SUPERIOR COURT



**True Copy Attest**

Abigail Albee
Clerk of Court
October 25, 2024

BJORN BRUCKSHAW
Plaintiff

v.

COUNTY OF CARROLL,
OFFICE OF THE COMMISSIONERS
Defendant

Case Number 211-2024-CV-00187

## NOTICE TO COURT OF FILING OF
## NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT

PLEASE TAKE NOTICE that the Defendant, County of Carroll, Office of the

Commissioners, did, on October 24, 2024, file in the United States District Court for the District

of New Hampshire the attached Notice of Removal (Exhibit #1).  Pursuant to 28 U.S.C.

§1446(d), this Court "shall proceed no further unless and until the case is remanded."  By this

pleading, the Defendant further requests that this Court prepare a certified copy of the complete

record in this case for transmittal to the United States District Court for the District of New

Hampshire.

                                    Respectfully submitted,
                                    County of Carroll, Office of the Commissioners

                                    By its Attorney,

Dated: October 24, 2024             */s/ Thomas M. Closson*
                                    Thomas M. Closson, Esq.
                                    NH Bar #9966
                                    Thomas M. Closson, Attorney At Law, PLLC
                                    379 Amherst Street, Suite #2
                                    PMB #231
                                    Nashua, New Hampshire 03063
                                    603-759-6614
                                    Thomas.closson@nhlaborlaw.com

                                    1

## CERTIFICATE OF SERVICE

I hereby certify that on this day a copy of this pleading was electronically filed with the Court and served via U.S. Mail and electronic mail on the following counsel of record:

Leslie H. Johnson, Esq.
Law Office of Leslie H. Johnson PLLC
46 Holderness Road
PO Box 265
Center Sandwich, New Hampshire 03864
leslie@lesliejohnsonlaw.com

Dated: October 24, 2024

/s/ Thomas M. Closson
Thomas M. Closson, Esq.
NH Bar #9966

2

# EXHIBIT 1

To The Notice To The Belknap County Superior Court

Of Removal

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

BJORN BRUCKSHAW,                         )
                                         )
      Plaintiff,                        )
                                         )
v.                                       )      Case No.1:24-cv-343
                                         )
COUNTY OF CARROLL,                       )
OFFICE OF THE COMMISSIONERS,             )
                                         )
      Defendant.                        )
_____  )

### DEFENDANT COUNTY OF CARROLL,
### OFFICE OF THE COMMISSIONERS' NOTICE OF REMOVAL

NOW COMES the Defendant, County of Carroll, Office of the Commissioners, and

hereby removes this action from the Belknap County Superior Court – State of New Hampshire

to the United States District Court for the District of New Hampshire.  This Notice of Removal is

supported by the following facts.

1.  The Plaintiff filed his Complaint in the Belknap County Superior Court – State of

New Hampshire (Case Number 211-2024-CV-00187) on August 9, 2024.  A copy of the

Complaint is filed herewith as Exhibit 1.

2.  Counsel for the Defendant accepted service of the Complaint on September 26, 2024.

3.  The Complaint raises claims under both New Hampshire's Law Against

Discrimination, NH RSA 354-A, and the federal Americans with Disabilities Act, 42 U.S.C.

§12101, *et seq.* ("the ADA").

4.  Pursuant to the provisions of 28 U.S.C §1331, this Court has original jurisdiction over

the Plaintiff's claims under the ADA. Additionally, pursuant to the provisions of 28 U.S.C.

§1367, this Court has supplemental jurisdiction over the Plaintiff's state law claims.

5.  Pursuant to 28 U.S.C. §1446(d), a copy of the Notice of Removal provided to counsel

for the Plaintiff is filed herewith as Exhibit 2. Pursuant to 28 U.S.C. §1446(d), a copy of the

Notice of Removal provided to Belknap County Superior Court – New Hampshire is filed

herewith as Exhibit 3.

6.  The Civil Cover Sheet is filed herewith as Exhibit 4.

7.  Pursuant to this Court's Local Rule 81.1(c), the Defendant is also requesting a

certified copy of the State Court Record and will file same with this Court upon receipt.

8.  The Defendant has not yet filed an answer or a responsive pleading in this action.

9.  For the foregoing reasons, this action is properly removed to this Court pursuant to

the provisions of 28 U.S.C §1331, 28 U.S.C. §1367, 28 U.S.C. §1441, and 28 U.S.C. §1446.

WHEREFORE the County of Carroll, Office of the Commissioners removes this action

from the Belknap County Superior Court to the United States District Court for the District of

New Hampshire, pursuant to the provisions of 28 U.S.C §1331, 28 U.S.C. §1367, 28 U.S.C.

§1441, and 28 U.S.C. §1446.

> Respectfully submitted,
> County of Carroll, Office of the Commissioners
> By its Attorney,

Dated: October 24, 2024

> /s/ Thomas M. Closson
> Thomas M. Closson, Esq.
> NH Bar #9966
> Thomas M. Closson, Attorney At Law, PLLC
> 379 Amherst Street, Suite #2
> PMB #231
> Nashua, New Hampshire 03063
> 603-759-6614
> Thomas.closson@nhlaborlaw.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on this day a copy of this pleading was electronically filed with the Court and served via U.S. Mail and electronic mail on the following counsel of record:

Leslie H. Johnson, Esq.
Law Office of Leslie H. Johnson PLLC
46 Holderness Road
PO Box 265
Center Sandwich, New Hampshire 03864
leslie@lesliejohnsonlaw.com

Dated: October 24, 2024

/s/ Thomas M. Closson
Thomas M. Closson, Esq.
NH Bar #9966

3

# EXHIBIT 1

To The Notice Of Removal Filed With The

U.S. District Court For The District Of New Hampshire

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH 03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## SUMMONS IN A CIVIL ACTION



Case Name:     Bjorn Bruckshaw v County of Carroll, Office of the Commissioners
Case Number:   211-2024-CV-00187

Date Complaint Filed: August 09, 2024

A Complaint has been filed against County of Carroll, Office of the Commissioners in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| September 30, 2024 | Bjorn Bruckshaw shall have this Summons and the attached Complaint served upon County of Carroll, Office of the Commissioners by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| October 21, 2024 | Bjorn Bruckshaw shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | County of Carroll, Office of the Commissioners must electronically file an Appearance and Answer or other responsive pleading form with this Court. A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to County of Carroll, Office of the Commissioners:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

Leslie Hughes Johnson, ESQ

County of Carroll, Office of the Commissioners

Law Office of Leslie H Johnson PLLC 46 Holderness Road PO Box 265 Center Sandwich NH 03227
95 Water Village Road Ossipee NH 03864

BY ORDER OF THE COURT

August 16, 2024

(1082)

Abigail Albee
Clerk of Court

NHJB-2678-Se (07/01/2018)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Belknap Superior Court
64 Court St.
Laconia NH 03246

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
https://www.courts.nh.gov

## BJORN BRUCKSHAW
## INSTRUCTIONS FOR SERVICE
## BY THE SHERIFF'S DEPARTMENT

Case Name:    **Bjorn Bruckshaw v County of Carroll, Office of the Commissioners**
Case Number:    **211-2024-CV-00187**

<u>Instructions for:</u> Bjorn Bruckshaw

-The attached Summons must be sent to the Sheriff's Department for service.  Service must be completed on or before September 30, 2024.
<u>Further action is required by you</u>
You must:
- Print two copies of the Summons per defendant
- Print two copies of the Notice to Defendant per defendant
- Print two copies of the Complaint filed with the Court per defendant
- Make two packets for service. Each packet should contain:
    - One Summons
    - Once Notice for Defendant
    - One Complaint filed with the Court
- Mail or hand deliver the packets to the Sheriff's Department in the county where each defendant resides.

<u>Sheriff Departments in New Hampshire:</u>

<u>Belknap County Sheriff's Department:</u>        <u>Hillsborough County Sheriff's Department:</u>
<u>Carroll County Sheriff's Department:</u>        <u>Merrimack County Sheriff's Department:</u>
<u>Cheshire County Sheriff's Department:</u>        <u>Rockingham County Sheriff's Department:</u>
<u>Coos County Sheriff's Department:</u>        <u>Strafford County Sheriff's Department:</u>
<u>Grafton County Sheriff's Department:</u>        <u>Sullivan County Sheriff's Department:</u>

\*If one or more of the parties resides out of state, please click <u>here</u> for the requirements\*
Service must be made upon the defendant before September 30, 2024.

If the Sheriff is unable to complete service by September 30, 2024 you will receive a "Notice of Incomplete Service" from the Sheriff's Department.  You may request that new paperwork be issued by electronically filing a Request for Documents.  There is a fee for this request.

The Sheriff will mail the 'Return of Service' to you.  You MUST electronically file the 'Return of Service' with the court by October 21, 2024.

If service is not made as directed, no further action will occur and the case may be dismissed by the court.

NHJB-2678-Se (07/01/2018)

Filed
File Date: 8/8/2024 3:35 PM
Belknap Superior Court
E-Filed Document

## STATE OF NEW HAMPSHIRE

BELKNAP, SS.                                                    SUPERIOR COURT

Mr. Bjorn Bruckshaw
147 Oak Street
Laconia, NH 03246
v.

County of Carroll
Office of the Commissioners
d/b/a Carroll County Department of Corrections
95 Water Village Road
Ossipee, NH 03864

Docket No. 211-2024-CV-00187

## COMPLAINT AND REQUEST FOR JURY TRIAL

NOW COMES, Bjorn Bruckshaw, Plaintiff, by and through his attorney, Law Office of

Leslie H. Johnson, PLLC, and complains against, County of Carroll, and in support thereof states

as follows:

### INTRODUCTION

### PLAINTIFF REQUESTS A TRIAL BY JURY

1. Plaintiff, Bjorn Bruckshaw, brings this action pursuant to the statutory and common

laws of the State of New Hampshire and the United States, particularly New Hampshire's Law

Against Discrimination, RSA 354-A, *et seq.* and the Americans with Disabilities Act (ADA), 42

U.S.C. §12101 *et seq.*, as amended (ADAAA, collectively with RSA 354-A referred to herein as

the "ADA"), for disability discrimination, harassment/hostile environment, and for retaliation,

both including termination; and also claims for malicious prosecution, abuse of process,

defamation, wrongful discharge and whistleblowing. Plaintiff seeks to recover all damages as

allowed by law, and all equitable relief to which he is entitled.

1

## PARTIES

2.    Mr. Bjorn Bruckshaw (hereinafter, "Mr. Bruckshaw" or "Plaintiff"), is a resident

of Laconia, New Hampshire, and was employed by Defendant Carroll County, as an employee of

the Department of Corrections from on or about September 27, 2021 until on or about July 14,

2022, as a Corrections Officer. Mr. Bruckshaw is a person with disabilities who is entitled to

protection under the ADA, and also NH RSA 354-A, New Hampshire's Law Against

Discrimination.

3.    Mr. Bruckshaw is a person with disabilities, a record of disabilities, and perceived

by Defendant to have disabilities.  His disabilities stem from his service in the Army, Airborne

Infantry.

4.    Defendant Carroll County operates the Carroll County Department of Corrections,

which is overseen by the Carroll County Commissioners.  Both the County and Carroll County

Department of Corrections will hereinafter be referred to as "Defendant".  The current

Commissioners are Terry McCarthy, Chair; Chuck McGee, Vice Chair; and, Bill Nelson, Clerk.

5.    Defendant is the employer and the covered entity for purposes of RSA 354-A, and

the ADA, as it has more than 6/15 employees respectively.

6.    Under the theories of *respondeat superior* and/or vicarious liability Defendant is

responsible for all actions of its employees, named or unnamed herein, who at all times were

acting within the scope of their employment, as well as their failures to act, and are also liable for

its own actions and failures to act, including within the Carroll County Department of

Corrections.

## JURISDICTION & VENUE

7.    Venue and jurisdiction are proper as Mr. Bruckshaw lived in Belknap County at

2

all times he was employed by Defendant.

8.    Mr. Bruckshaw filed a timely Charge of Discrimination with the New Hampshire Commission for Human Rights ("NHCHR") ED(H)(R) 0030-23 / 16D-2023-00034, on November 23, 2022, which he withdrew on May 7, 2024.

9.    On May 9, 2024, the EEOC issued its Notice of Right to Sue, which was received on May 13, 2024.  This Complaint is filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue, and within three years of the accrual of the stated causes of action.

STATEMENT OF FACTS

10.    Mr. Bruckshaw was employed by Defendant as a corrections officer from on or about September 27, 2021 until July 14, 2022 when he was wrongfully terminated for discriminatory and retaliatory reasons.

11.    Defendant was aware of Mr. Bruckshaw's military service and that he suffered from PTSD due to same, as it was one of the first things Mr. Bruckshaw disclosed to them. Defendant was also aware of many of Mr. Bruckshaw's other medical conditions and disabilities.

12.    Despite not being properly trained for his job, because Defendant did not send him to the Academy, Mr. Bruckshaw always performed his job well and had a good working relationship with most of his co-workers.

13.    Mr. Bruckshaw's disabilities, some from combat, are PTSD , an injury to his arm (loss 40% use), migraines (once every 1-2 weeks), bilateral knees (bone on bone), tinnitus, and others.  These disabilities, singly and/or in combination affect Mr. Bruckshaw by at times substantially limiting him in major life activities, such as performing some manual tasks, lifting, standing, walking, balancing, and thinking.

3

14.    Mr. Bruckshaw was discriminated against, harassed, and/or retaliated against due to his disabilities including, but not limited to, the following listed incidents which are not all inclusive.

15.    On or about March 9, 2022, Mr. Bruckshaw called over to control and kept getting hung up on. Because he was getting no response, which is obviously also a safety issue, he walked over to the control room and heard co-workers making fun of his combat injuries, which included Lt. King sitting in the middle of the group laughing. Mr. Bruckshaw's combat injuries were no laughing matter, and to witness Lt. King, who was supposed to be in charge, also making fun of his injuries/disabilities was very troubling to Mr. Bruckshaw.

16.    Mr. Bruckshaw reported the incident to Sgt. Bachelder, Mr. Bruckshaw's shift leader, and informed him he was so upset he felt he needed to go home because the incident spiked his PTSD. Lt. King came into the meeting and Mr. Bruckshaw asked him why he did not stop the banter, but instead joined in. Lt. King got very upset and told Mr. Bruckshaw he did not care, and to go home.

17.    Shortly after Mr. Bruckshaw reported the March 9, 2022 incident, he was told Defendant was pulling him from becoming the Taser Instructor because he was not "mentally fit" and that his PTSD would make Defendant "look bad".

18.    On or about the end of May/beginning of June 2022, Lt. King falsely accused Mr. Bruckshaw of putting inappropriate messages on Officer Mendez's Facebook account; and told everyone he would fire whoever posted the messages. Lt. King then told Mr. Bruckshaw that he knew it was him that made the postings and as soon as he could prove it, Mr. Bruckshaw would be fired. Mr. Bruckshaw did not make the postings.

4

19.     A female inmate kept harassing Mr. Bruckshaw by claiming he was sexually harassing her and telling other inmates to go along with her allegations so they could fire Mr. Bruckshaw. Mr. Bruckshaw reported the incidents, but nothing was ever done.

20.     Captain Baker told Mr. Bruckshaw if he has "combat PTSD" that he should not be working for Defendant any longer, that the environment would just make things worse. Ironically, it was not primarily the inmates, but the employees and supervisors who were making things worse.

21.     Approximately one week prior to June 11, 2022, Mr. Bruckshaw informed Sgt. Bachelder that an inmate (hereinafter referred to as "Inmate K") kept threatening to kill him. He wrote a note and informed the administration that Inmate K had been threatening him for 3 or 4 weeks. Lt. King told Mr. Bruckshaw to "deal with it" and "suck it up". This was after Mr. Bruckshaw had previously reported the same inmate had tried to put his hands on him.

22.     The same week, Mr. Bruckshaw informed Defendant he was not comfortable with the fact the dayroom (jail/segregating) doors stopped working randomly along with the emergency intercom. Lt. King's response to Mr. Bruckshaw was to "go find another job if you're that much of a baby." This complaint also constitutes whistleblowing, as it was an extreme safety issue and believed to be contrary to policies.

23.     This situation (doors and radios) had apparently persisted for over one year, and the Lt. and Captain discussed an estimate of $30,000.00 to fix the problem, but said it was too expensive. This placed all workers, and inmates at risk. When the dayroom doors did not work, the intercom did not work; so if a dayroom door did not work, everyone knew the intercom was not working, so no one could call for help. If the circuit blew a person had to go upstairs and

reset the breakers. This is believed to be why no one could hear Mr. Bruckshaw yelling for help when attacked by Inmate K.

24.    That same week Mr. Bruckshaw asked Lt. King if they could talk about his safety concerns, Lt. King replied, "I don't have time for any of your complaints. You need to just do your job." Lt. King also stated, "90% of the complaints I'm dealing with are from you, and I'm sick and tired of it." Mr. Bruckshaw had submitted approximately five complaints, none of which were being addressed, to the best of his knowledge and belief.

25.    Given Lt. King refused to address Mr. Bruckshaw's concerns, Mr. Bruckshaw emailed Captain Baker 2-3 times stating he wanted to speak to him with regard to his concerns, but these requests were all ignored.

26.    Therefore, Mr. Bruckshaw decided to email the Superintendent requesting to meet about his concerns. A time and date were set to meet; however, the Superintendent failed to show, and when Mr. Bruckshaw emailed him again to reschedule his email was ignored.

27.    On or about June 11, 2022, Mr. Bruckshaw was at work in Dayroom 4. All officers had been informed that Superintendent Eldridge required the inmates and officers to wear masks while in the Dayroom. Inmate K came into the Dayroom without a mask on.

28.    Mr. Bruckshaw addressed Inmate K and informed him he had to wear a mask while out of his cell. Inmate K refused to wear a mask; therefore, Mr. Bruckshaw brought him back to his cell and informed Inmate K that he must stay in his locked cell until he complied with the mask rule. Mr. Bruckshaw reiterated to Inmate K that all he had to do was put the mask on, however he continued to refuse. Inmate K's response to Mr. Bruckshaw was, "go f... yourself".

29.    Mr. Bruckshaw then attempted to shut the cell door; however, Inmate K kicked it wide open. Mr. Bruckshaw told Inmate K if he kicked the door again, he would be locked in for

6

the day. Mr. Bruckshaw then went to shut the cell door for a second time, and again Inmate K.
kicked it open.

30.    Mr. Bruckshaw therefore went to call for backup; however Inmate K, grabbed his
shirt, pulled him into the cell, grabbed his radio and tossed it so Mr. Bruckshaw could not reach
it. For approximately 3-4 minutes Inmate K attacked Mr. Bruckshaw while Mr. Bruckshaw
attempted to restrain him while yelling for help. With no one being able to hear Mr. Bruckshaw
because the intercom system was not working, a common occurrence, he had no means of
getting help from the assault by the inmate who had repeatedly threatened to kill him.

31.    Mr. Bruckshaw eventually got himself and Inmate K outside of the cell so others,
including the nurse, could see the distress he was in. Officer Temple finally came to assist him
and radioed for additional assistance.

32.    Inmate K continued to be combative, yelling and screaming that he was going to
kill Mr. Bruckshaw and "break [his] skinny neck". It took two more officers (a total of four) to
finally restrain Inmate K and handcuff him. Inmate K was then taken to be checked out by the
nurse who confirmed he had no injuries. However, when Mr. Bruckshaw was checked out by
the nurse it was found he had a bite mark on his arm from Inmate K, and was sent to the
emergency room.

33.    After Mr. Bruckshaw returned from the emergency room, he was informed
Inmate K had continued to bang on the cell bars, scream and threaten to kill Mr. Bruckshaw the
rest of the day.

34.    Inmate K is a violent individual who had also posted an online review against the
Manitowoc City Police Department stating, "I hope this corrupt place gets shot up. Disgusting
behavior from this PD."

7

35.    On or about June 15, 2022, during Mr. Bruckshaw's next shift after the incident with Inmate K, he was immediately called into Major Bachelder's office, with Lt. King present. Lt. King told him that he was being placed on two weeks' administrative leave for using too much force in restraining Inmate K, and that Defendant would investigate the matter. However, Mr. Bruckshaw saw within the paperwork that it appeared Defendant was also trying to investigate him on numerous other fabricated allegations.

36.    Mr. Bruckshaw later learned Defendant told other officers he was being placed on administrative leave before he was even talked to and informed, and that an email was sent out informing everyone if Mr. Bruckshaw came on the property to arrest him. This was highly irregular, and believed to be against policy, as well as highly discriminatory and retaliatory.

37.    Approximately 1.5 weeks later, Mr. Bruckshaw was contacted by Lt. King to come in and sign some paperwork. Mr. Bruckshaw stated he wanted a Union Representative and an attorney present. Lt. King replied that was not needed because, "you're only signing paperwork." Mr. Bruckshaw was not comfortable with that response.

38.    A few days later Lt. King called Mr. Bruckshaw again, and again Mr. Bruckshaw stated he wanted a Union Representative and an attorney present. A few days later Lt. King called Mr. Bruckshaw for a third time and left a message stating if Mr. Bruckshaw did not contact him by 11:30 am, he would consider him terminated.

39.    After retrieving the message, Mr. Bruckshaw returned Lt. King's call shortly after 11:30 am and left a voicemail, with no response. Mr. Bruckshaw thought he may have been terminated.

8

40.    Approximately one week later, Mr. Bruckshaw received a certified letter stating he must report to Defendant for an investigative interview or he would be fired. His return call referenced above had still not been responded to.

41.    Pursuant to the directives in the letter, Mr. Bruckshaw went to the interview. He was called into Captain Baker's office with Lt. King and a union representative present, however, the union representative was only allowed to take notes. He was uncomfortable with participating in the investigation since Defendant already told him he would be fired and therefore Defendant's mind was already made up. Lt. King admitted same, but stated, "well you're still being paid".

42.    The investigation continued; however, Mr. Bruckshaw was never asked about the bite mark and how it occurred, instead Lt. King phrased all questions trying to blame Mr. Bruckshaw for everything that occurred. It was very clear Defendant had already made up their minds and nothing Mr. Bruckshaw could have said in the interview was going to change things.

43.    Approximately five days after the "interview", Mr. Bruckshaw received a certified letter dated July 14, 2022, stating he was terminated and that Defendant was going to press criminal charges against him.

44.    Upon information and belief, Defendant sent out an email to all staff informing them Mr. Bruckshaw was no longer employed there. This email was sent prior to Mr. Bruckshaw knowing he was terminated. Furthermore, as it was a personnel matter, it should have been kept private.

45.    Upon information and belief Defendant, primarily through Lt. King, did not perform a proper investigation, failing to speak with the nurse who was there and witnessed much of the events, failing to speak with the individual in charge of the security cameras, and

9

failing to review Inmate K's file, which should have contained prior notes reporting his repeated threats to kill Mr. Bruckshaw. Instead, upon information and belief, Lt. King interviewed Inmate K with leading questions to ascertain answers Lt. King wanted to hear, such as "so he strangled you, correct?"

46.    Defendant tried to bring charges against Mr. Bruckshaw with the Sheriff's Department, which declined to prosecute, after having gone to Mr. Bruckshaw's house to interview him. Lt. King got mad when Mr. Bruckshaw told him the Sheriff was not going to charge him.

47.    The actions described herein, and as experienced by Mr. Bruckshaw, constituted harassment and retaliation primarily on the basis of his disability, contrary to RSA 354-A, *et seq.* and the ADA, and for complaining about discrimination as well as making complaints that constituted whistleblowing.

48.    Mr. Bruckshaw was qualified for his job and was able to perform same without reasonable accommodations.

49.    Defendant was hostile towards Mr. Bruckshaw because of his disabilities, and treated him less favorably than others, and held him to a higher standard, not terminating or even substantially investigating multiple employees who actually committed assaults and severe misconduct; for example:

a.    Upon information and belief, a female, African American officer had approximately 25-30 write-ups but no disciplinary action or termination. Mr. Bruckshaw was treated differently based upon his disabilities and whistleblowing.

b.    On or about January or February 2022, another officer, who did not appear to have disabilities, Officer S., tossed a minority young woman into a cell uncontrollably,

10

causing the female inmate to smack her head so hard on the ground she may have suffered a concussion. However, there was no investigation, and the officer never got in trouble.

50.     After the Sheriff declined to prosecute, because Mr. Bruckshaw was obviously innocent, Defendant did a sham and pretextual investigation of Mr. Bruckshaw's incident with inmate K by an allegedly outside person; however, that person appeared to be personal friends with Superintendent Eldridge, as he was seen going to lunch with him. The result of this investigation was reported to Mr. Bruckshaw by email from HR on November 3, 2022.

51.     On the same day Mr. Bruckshaw received the investigation results he received a letter stating he was terminated and was told he was ineligible for rehire.

52.     On March 17, 2023, Mr. Bruckshaw was indicted for Second Degree Assault, which was discriminatory, and retaliatory on multiple bases.

53.     Upon information and belief, Superintendent Eldridge pulled a paper off the printer or fax machine while in a public area of the office and exclaimed, "Guess who got indicted today!" and then showed those present the paperwork where Mr. Bruckshaw was indicted.

54.     On or about June 1, 2023, during his criminal pre-trial conference, the Judge presiding over the hearing viewed the video surveillance of the June 11, 2022 incident, determined there was no assault by Mr. Bruckshaw, dismissed the case, and reprimanded the prosecutor for even bringing the case forward. Bringing the charge also constituted malicious prosecution and abuse of process.

55.     Defendant also retaliated against Mr. Bruckshaw because he complained about issues occurring at the facility including the intercom not working and the day room doors not

11

working properly.

56.     Defendant falsely accused Mr. Bruckshaw of criminal actions, when it knew there were no criminal actions by Mr. Bruckshaw.  Mr. Bruckshaw believes these frivolous and malicious charges were brought due to discrimination related to his disabilities, and retaliation for complaining about same, as well as whistleblowing, and with the intent to ruing any chances he had to have a career in law enforcement.

57.     On July 13, 2022, Mr. Bruckshaw had received an email from a potential employer, notifying him he had been hired for a position as a security guard and that he needed to complete the onboarding process.

58.     However, on August 31, 2022, this same employer, after apparently contacting Defendant for a job reference, emailed Mr. Bruckshaw rescinding their offer of employment based on "your ineligibility for rehire with your last employer."

59.     Defendant's discrimination and retaliation against Mr. Bruckshaw has made it very difficult, if not impossible, for him to find a regular part time or full time job.

60.     Due to being wrongfully terminated as well as the criminal action brought by Defendant, Mr. Bruckshaw's custody of his child has been greatly impacted and continues to be impacted.  Mr. Bruckshaw has had to needlessly expend money in attorney fees, as well as stress and anxiety in order to fight for his custody rights, which custodial proceedings would not have been necessary, or greatly reduced in scope, but for Defendant's actions.

61.     The actions by Defendant as described herein, and as experienced by Mr. Bruckshaw, were intentional, malicious, done with deliberate indifference, knowing, oppressive, wanton, reckless, negligent and/or grossly negligent.

62.     Mr. Bruckshaw claims all damages allowed to him by law including, but not

12

limited to, general compensatory damages, liberal/enhanced compensatory damages, punitive damages, lost wages and benefits (past and future), damages for emotional distress, embarrassment, humiliation, aggravation, anxiety, medical treatment and expenses, physical pain and suffering, loss of enjoyment of life, loss of reputation, attorney fees (including attorney fees for his custody rights and criminal defense), costs, all pre-judgment interest, and an amount to compensate for any negative tax consequences that result from any judgment or decision.

63.    Mr. Bruckshaw also requests all equitable relief to which he may be entitled including, but not limited to, training for Defendant's employees in the laws on harassment, discrimination and retaliation; and discipline and/or termination of the employees who harassed, discriminated and retaliated against him.

**COUNT I**
**NH RSA 354-A and**
**AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101 et seq.),**
**as amended (ADAAA)**
**DISABILITY DISCRIMINATION/HARASSMENT**
**HOSTILE WORK ENVIRONMENT**

64.    Mr. Bruckshaw incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

65.    Mr. Bruckshaw asserts that the treatment he received, as described herein, was because of his disabilities.

66.    Mr. Bruckshaw was impermissibly discriminated against based on his disabilities, including his termination, and harassed in a manner that was severe and/or pervasive and constituted a hostile environment based on disability, such that no reasonable person would be expected to endure, all contrary to NH RSA 354-A and the ADA.

67.    Defendant knew, or should have known, that its actions described herein were illegal. Defendant's actions were contrary to the law and done knowingly, maliciously, with

13

reckless indifference and were egregious and wanton, thus justifying an award of enhanced/liberal compensatory damages.

68.    Mr. Bruckshaw claims the disability discrimination/harassment and hostile work environment, with termination, has caused him damages as set forth herein.

69.    Mr. Bruckshaw claims all damages allowed by law, and all equitable relief to which he is entitled.

### COUNT II
### RETALIATION
### NH RSA 354-A, et seq. and the ADA

70.    Mr. Bruckshaw incorporates herein each and every allegation elsewhere in the Complaint as if fully set forth herein, and further states as follows:

71.    Mr. Bruckshaw was retaliated against for his complaints of harassment and discrimination, as described above, including false criminal charges, actions resulting in his assault, and his termination, which was contrary to NH RSA 354-A, et seq. and the ADA.

72.    As a result of the retaliation, Mr. Bruckshaw has suffered the damages as alleged herein.

73.    Mr. Bruckshaw claims all damages allowed by law, and all equitable relief to which he is entitled.

### COUNT III
### NH RSA 275-E, ET SEQ.
### WHISTLEBLOWER'S PROTECTION ACT

74.    Mr. Bruckshaw incorporates herein each and every allegation elsewhere in the Complaint as if fully set forth herein, and further states as follows:

75.    Mr. Bruckshaw reported what he believed were serious violations of the law, rules and regulations by Defendant including safety issues and discrimination, as set forth above.

14

76.     Defendant violated RSA 275-E et seq., including but not limited to RSA 275-E:2, as Defendant harassed, abused, intimidated, and/or threatened Mr. Bruckshaw in the terms, conditions, location, and/or privileges of employment, including his assault, and false criminal charges, as well as his wrongful discharge.

77.     As a result of Defendant's violation of the Whistleblower's Protection Act Mr. Bruckshaw has suffered damages as described elsewhere herein.

78.     Mr. Bruckshaw claims all damages allowed by law, and all equitable relief to which he is entitled.

**COUNT IV**
**WRONGFUL DISCHARGE**

79.     Mr. Bruckshaw incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

80.     As encouraged by public policies, Mr. Bruckshaw reported various violations of laws, rules, and regulations to Defendant as described above, including safety issues, and discrimination, which violated the ADA and 354-A.

81.     As a result of his complaints, Mr. Bruckshaw was harassed and retaliated against, and the terms and conditions of his employment were affected, which included his assault, wrongful prosecution, and his termination.

82.     Mr. Bruckshaw claims said wrongful discharge has caused him damages as set forth herein.

83.     Mr. Bruckshaw also claims all damages as allowed by law, and all equitable relief to which he is entitled.

15

## COUNT V
## MALICIOUS PROSECUTION

84.    Mr. Bruckshaw incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

85.    As described above, Defendant maliciously prosecuted Mr. Bruckshaw by filing a criminal complaint for actions which they knew were unfounded.

86.    Defendant made a false criminal complaint, regarding Mr. Bruckshaw's conduct on June 11, 2022, while Mr. Bruckshaw was trying to subdue Inmate K who was attacking him, and had repeatedly threatened to kill him.

87.    Defendant's prosecution of Mr. Bruckshaw constitutes malicious prosecution, as the charges were obviously false, and arose out of malicious, oppressive and/or wanton motivations of Defendant, as described herein.

88.    Defendant's arrest of Mr. Bruckshaw was apparently against the Carroll County Sheriff's Department's advice as outlined above, and yet they still pursued it.

89.    Defendant's motivations were not for a lawful prosecution, but to prohibit Mr. Bruckshaw from his livelihood as a corrections officer, and as a pretense for terminating him, a person with disabilities from combat, for which they had expressed disdain and that he should not be working there.   Said arrest and prosecution also has impeded Mr. Bruckshaw from pursuing other employment.

90.    Defendant's actions as described herein have caused Mr. Bruckshaw damages which are within the jurisdictional limits of this Court, as described elsewhere herein.

91.    Mr. Bruckshaw claims all damages as allowed by law and all equitable relief to which he is entitled.

16

## COUNT VI
### ABUSE OF PROCESS

92.    Mr. Bruckshaw incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

93.    As noted just above, Defendant's arrest and threats to Mr. Bruckshaw constitute malicious prosecution.

94.    In addition, Defendant used its criminal allegations as a way to harass and retaliate against Mr. Bruckshaw for his disabilities and whistleblowing and involved law enforcement, which is not a proper exercise of police authority.

95.    The purpose of the prosecution was improper: it was to terminate Mr. Bruckshaw from employment, and to further discriminate against him, knowing that his reputation and ability to find work would be severely impacted.

96.    Defendant also knew that Mr. Bruckshaw had PTSD, had a clean record, was an Army combat Veteran, and likely took his reputation seriously and would be scarred by being arrested and prosecuted; they did not care as evident from them having repeatedly mocked his service and disabilities.

97.    Defendant's actions as described herein have caused Mr. Bruckshaw damages which are within the jurisdictional limits of this Court, as described elsewhere herein.

98.    Mr. Bruckshaw claims all damages as allowed by law and all equitable relief to which he is entitled.

## COUNT VII
### DEFAMATION

99.    Mr. Bruckshaw incorporates herein each and every allegation raised elsewhere in the Complaint as if fully set forth herein and further states as follows:

17

100.    Defendant's reports to anyone that Mr. Bruckshaw's actions were criminal was known to be false by them, and done with malicious and other bad motives as described elsewhere herein.

101.    There is no immunity or privilege for knowingly making a false report to law enforcement, whether verbally or in writing.

102.    Said defamatory material was then repeated to others including, but not limited to, the grand jury, county attorney, potentially newspapers, and otherwise republished, all for which Defendant is responsible.

103.    Said false reporting and allegations are defamation *per se,* as it accused Mr. Bruckshaw of a crime.

104.    Said allegations were done maliciously, knowingly and wilfully as they were known by them to be false, and they were done for the aforesaid improper purposes.

105.    Said statements were false and intended to attack Mr. Bruckshaw and lower him in the esteem of the community, which they did, causing damage to his reputation and preventing him from securing other employment.

106.    Defendant is liable for its defamation of Mr. Bruckshaw, and for all republication by others.

106.    Defendant's actions as described herein have caused Mr. Bruckshaw damages which are within the jurisdictional limits of this Court, as described elsewhere herein.

107.    Mr. Bruckshaw claims all damages as allowed by law and all equitable relief to which he is entitled.

WHEREFORE, Mr. Bruckshaw respectfully prays this Honorable Court and/or a jury order the following relief against Defendants, as requested above under each count:

18

A.    Back wages, together with lost fringe benefits and any other benefits, including increased retirement benefits, which Mr. Bruckshaw would have earned had he not been terminated;

B.    Future wages, fringe benefits, loss of earning capacity and other benefits;

C.    Compensatory damages;

D:    Enhanced/liberal compensatory damages;

E.    Punitive damages;

F.    An amount to be awarded by the Court to make up for any adverse tax consequences due to any judgment or award;

G.    All damages which are available under the above-cited laws and the common law;

H.    All available pre-judgment and post-judgment interest;

I.    Reasonable attorneys' fees, interest and costs;

J.    All damages as set forth above; and

K.    Such other and further relief as is just and equitable.

Respectfully submitted,
BJORN BRUCKSHAW, Plaintiff
By his attorney

Dated: August 9, 2024          /s/ LESLIE H. JOHNSON
Leslie H. Johnson, Esquire - #5545
LAW OFFICE OF LESLIE H. JOHNSON, PLLC
PO Box 265
Center Sandwich NH 03227
603.284.6600
leslie@lesliejohnsonlaw.com

19

# EXHIBIT 2

To The Notice Of Removal Filed With The

U.S. District Court For The District Of New Hampshire

THE STATE OF NEW HAMPSHIRE

BELKNAP, SS                                                    SUPERIOR COURT

BJORN BRUCKSHAW
Plaintiff

v.

COUNTY OF CARROLL,
OFFICE OF THE COMMISSIONERS
Defendant

Case Number 211-2024-CV-00187

**NOTICE TO COUNSEL OF FILING OF**
**NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT**

PLEASE TAKE NOTICE that the Defendant, County of Carroll, Office of the

Commissioners, did, on October 24, 2024, file in the United States District Court for the District

of New Hampshire the attached Notice of Removal (Exhibit #1). Pursuant to 28 U.S.C.

§1446(d), this Court "shall proceed no further unless and until the case is remanded." By this

pleading, the Defendant further requests that this Court prepare a certified copy of the complete

record in this case for transmittal to the United States District Court for the District of New

Hampshire.

Respectfully submitted,
County of Carroll, Office of the Commissioners

By its Attorney,

Dated: October 24, 2024                    */s/ Thomas M. Closson*
                                           Thomas M. Closson, Esq.
                                           NH Bar #9966
                                           Thomas M. Closson, Attorney At Law, PLLC
                                           379 Amherst Street, Suite #2
                                           PMB #231
                                           Nashua, New Hampshire 03063
                                           603-759-6614
                                           Thomas.closson@nhlaborlaw.com

1

## CERTIFICATE OF SERVICE

I hereby certify that on this day a copy of this pleading was electronically filed with the Court and served via U.S. Mail and electronic mail on the following counsel of record:

Leslie H. Johnson, Esq.
Law Office of Leslie H. Johnson PLLC
46 Holderness Road
PO Box 265
Center Sandwich, New Hampshire 03864
leslie@lesliejohnsonlaw.com

Dated: October 24, 2024

*/s/ Thomas M. Closson*
Thomas M. Closson, Esq.
NH Bar #9966

2

# EXHIBIT 3

To The Notice Of Removal Filed With The

U.S. District Court For The District Of New Hampshire

## THE STATE OF NEW HAMPSHIRE
BELKNAP, SS                                        SUPERIOR COURT

BJORN BRUCKSHAW
Plaintiff

v.

COUNTY OF CARROLL,
OFFICE OF THE COMMISSIONERS
Defendant

Case Number 211-2024-CV-00187

### NOTICE TO COURT OF FILING OF
### NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT

PLEASE TAKE NOTICE that the Defendant, County of Carroll, Office of the Commissioners, did, on October 24, 2024, file in the United States District Court for the District of New Hampshire the attached Notice of Removal (Exhibit #1).  Pursuant to 28 U.S.C. §1446(d), this Court "shall proceed no further unless and until the case is remanded."  By this pleading, the Defendant further requests that this Court prepare a certified copy of the complete record in this case for transmittal to the United States District Court for the District of New Hampshire.

Respectfully submitted,
County of Carroll, Office of the Commissioners

By its Attorney,

Dated: October 24, 2024          */s/ Thomas M. Closson*
Thomas M. Closson, Esq.
NH Bar #9966
Thomas M. Closson, Attorney At Law, PLLC
379 Amherst Street, Suite #2
PMB #231
Nashua, New Hampshire 03063
603-759-6614
Thomas.closson@nhlaborlaw.com

1

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a copy of this pleading was electronically filed with the Court and served via U.S. Mail and electronic mail on the following counsel of record:

Leslie H. Johnson, Esq.
Law Office of Leslie H. Johnson PLLC
46 Holderness Road
PO Box 265
Center Sandwich, New Hampshire 03864
leslie@lesliejohnsonlaw.com

Dated: October 24, 2024

/s/ *Thomas M. Closson*
Thomas M. Closson, Esq.
NH Bar #9966

2

# EXHIBIT 4

To The Notice Of Removal Filed With The

U.S. District Court For The District Of New Hampshire

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Bjorn Bruckshaw

**(b)** County of Residence of First Listed Plaintiff    **Belknap County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Leslie H. Johnson, Law Offices of Leslie H. Johnson, PLLC, 46 Holderness Rd., PO Box 265, Center Sandwich, NH 03864  (603) 284-6600

## DEFENDANTS

County of Carroll, Office of the Commissioners

County of Residence of First Listed Defendant    **Carroll County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Thomas M. Closson, Thomas M.. Closson, Attorney At Law, PLLC, 379 Amherst St., Suite 2, PMB 231, Nashua, NH 03063  (603) 759-6614

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                           *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | New Drug Application | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 880 Defend Trade Secrets | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | or Defendant) | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |  ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 12101
Brief description of cause:
Alleged violation of the ADA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
October 24, 2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Thomas M. Closson

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____